**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GUNSAMERICA, LLC,

                      Plaintiff,                              **DECISION**
                                                     **AND ORDER**

             - against -
                                         CV 08-1385 (MKB) (AKT)

GB INVESTMENTS, INC.,

              Defendant.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

This case has been dormant for some time, through no fault of counsel or the parties. The

Court previously issued various rulings, *see* DE 74, on five discovery motions. First, the Court

denied defendant's motion to strike [DE 65][1] plaintiff's motion to preclude the defendant from

offering evidence in support of its defenses [DE 57], or, in the alternative to compel the

defendant to fully respond to discovery requests served by plaintiff's counsel. Plaintiff also

sought fees and costs for having to make the motion [DE 57]. The Court directed the defendant

to respond to the merits of plaintiff's motion within 10 days of the Order. Before doing so,

however, defendant's counsel was directed to engage in a good-faith meet-and-confer with

plaintiff's counsel to narrow the scope of the contested issues contained in plaintiff's motion.

As to the second of the five motions, namely, defendant's motion to compel responses to

four specific categories of deficiencies in plaintiff's document production and for sanctions

[DE 62], plaintiff's counsel noted in his opposition papers that two of the issues had been

resolved. The Court granted relief as to the remaining two categories. DE 74. Specifically, the

---

[1]   Since the affidavit of plaintiff's counsel filed in conjunction with the motion
contained legal argument, the Court ruled that it would not consider those sections of the
affidavit.

Court directed plaintiff to produce legible copies of the five pages of advertisements for GunsAmerica which plaintiff had apparently placed in magazines and/or on websites. Those documents were to be produced within 10 days. The Court further directed that if for some reason plaintiff thereafter asserted that it could not locate the originals in its own records or in the records of its vendor/advertiser, then whoever conducted the search was to provide, within 10 days, an affidavit setting forth the specific information mandated by the Court.

In that same motion, defendant sought responses to its Document Request Nos. 1, 3, 7 and 8 -- requests related to defendant's claim that it is the "largest firearm website." *Id.* The Court had previously ordered, in relation to a prior motion to compel, that plaintiff was to produce the responsive documents or submit an affidavit stating why this information cannot be found or does not exist. *See* DE 46 ¶ 3. The Court found that the affidavit of GunsAmerica's principal failed to address any search for documents containing any substantially similar claims. DE 74. For the reasons stated in DE 74, the Court directed that the person (or persons) who searched for documents responsive to defendant's four requests was to submit a supplemental affidavit responding to specific categories outlined by the Court and to do so within the ten days. The Court further found that plaintiff had failed to comply with its discovery obligations, necessitating motion practice by the defendant. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court held that the plaintiff GunsAmerica was obligated to pay the attorney's fees incurred by the defendant and directed defendant's counsel to submit an appropriate fee application, which plaintiff would have the opportunity to oppose. DE 74.

Finally, both sides submitted motions to compel -- DE 67 and DE 68 -- seeking production of additional documents, contact information for a prospective non-party witness, and, in the latter motion, sanctions against the plaintiff. Both motions were denied as untimely.

2

Thereafter, as instructed by the Court, defendant filed its opposition to DE 57 and plaintiff filed its reply papers. *See* DE 76 and 77. As such, the instant Order constitutes the Court's ruling on the outstanding issues regarding DE 57.

At the outset, the Court finds it necessary to point out several matters to provide a context for the rulings which follow. First, the Complaint in this action consists of six pages, with a summary of the relief sought stated as follows:

> GunsAmerica seeks a declaration that has not violated the Lanham Act, the Federal Trade Commission Act and/or any related state law claims of business defamation, unfair and deceptive trade practices, as alleged by defendant.

Compl. [DE 1], ¶ 2. The plaintiff alleges, on information and belief, that defendant GunBroker.com asserts on its website that it is the "largest online hunting and sport shooting auction site, and the #1 'Guns and Hunting' site on the Internet." *Id.* ¶ 21. The Complaint goes on to allege that on or about February 28, 2008, an attorney for GB Investments sent a cease-and-desist letter to plaintiff which was received on March 3, 2008. *Id.* ¶¶ 23-24. The February 28 letter identified certain language on the GunsAmerica website which defendant found objectionable, namely, "GunsAmerica introduced gun classifieds to the Internet and the World Wide Web in 1997 and has been the largest gun buying and selling website ever since." *Id.* ¶ 26. The cease-and-desist letter disputed the veracity of this assertion and concluded that such false advertising was a violation of the Lanham Act and Federal Trade Commission Act, among other things. The letter further asserted that if GunsAmerica did not immediately remove the false advertising, "GB would take legal action." *Id.* ¶¶ 29-30. The instant declaratory judgment action by plaintiff followed.

Along with its Amended Answer [DE 30-2], defendant GunBroker asserted counterclaims for (1) false advertising under the Lanham Act; (2) declaratory judgment that GunsAmerica's false advertising claims constitute violations of the Federal Trade Commission Act; and (3) violations of Georgia's Uniform Deceptive Practices Act, the Georgia Fair Business Practices Act and the Georgia False Advertising Act.

Second, having reviewed the motion papers overall, the Court expresses, once again, great reservations regarding the substantive good-faith purportedly exercised by either party in conducting a meaningful meet-and-confer within the framework of counsels' respective obligations under Local Civil Rule 37.3. For these reasons, the Court declines to award sanctions to either party.

Third, the hodgepodge contained in plaintiff's "Information in Reply and Further Support" ("Pl.'s Reply") [DE 77] does not directly address the individual arguments asserted by defendant's counsel in discussing each of the disputed responses to discovery demands. Presenting a "Status of the Case" in such Affirmation -- not directed to any particular numbered discovery demand and attaching copies of some correspondence between counsel -- not only fails to comply with the provisions of Local Civil Rule 37.1, but such "response" does nothing to further a resolution of the dispute. Notwithstanding these continuing problems, the Court addresses the individual disputed demands, as follows:

- **Plaintiff's Interrogatory No. 12 (January 9, 2009)**:    First, the Court notes that in its opposition to the motion to compel, defendant's counsel states in a footnote that as a result of a meet-and-confer, followed by correspondence from plaintiff's counsel in which plaintiff purportedly "clarified" that was satisfied with the state of the response to this Interrogatory, there is no longer an issue as to this demand. See Defendant's Response to Plaintiff's Motion to Compel ("Def.'s Opp'n") [DE 76] at 1, n. 1. However, the Court is unable to tell from the Reply whether this statement is accurate, since the response to Interrogatory 12 is not even referenced

in the body of the Reply. Because the plaintiff has failed to specifically address Interrogatory 12 in the Reply, the court deems the issues surrounding Interrogatory 12 MOOT.

- **Plaintiff's Document Request No. 12 (January 9, 2009 Requests):** This demand seeks all "documents and records that Defendant will rely upon to establish its claim that that [sic] Plaintiff violated the Lanham Act." Aside from its objections to the request, defendant stated that it had "identified documents it believes to be relevant in its response to Interrogatory No. 1, all of which are at least as readily available to Plaintiff as they are to the Defendant." Pl.'s Mot. at 13.

  Plaintiff originally argued that the information sought is relevant not only to the plaintiff's case-in-chief, but also to defendant GunBroker's counterclaims, and is thus discoverable. Plaintiff maintains that it is entitled to information "with respect to the itemized list of goods sold (by month) to delineate guns and non-guns, as well as statements GB knows of that allegedly are in violation of the Lanham Act." *Id.*

  In its opposition, defendant points out that plaintiff completely omitted defendant's response to Document Request No.1, despite the fact that plaintiff references the response in its argument. In attempting to follow the breadcrumbs here, the Court notes that in Document Request No. 1, plaintiff asked for, among other things, all documents defendant intended to rely on to establish that the alleged "offensive language" was misleading and false. Def.'s Opp'n at 3. Defendant complains that plaintiff did not define the term "offensive language" -- a term plaintiff used, not the defendant. Without waiving any objection, defendant points to its response to Interrogatory No. 1 (plaintiff's demand for identification of all documents defendant intends to rely on in support of any claim, contention, or affirmative defense in the action -- a request which the Court agrees is overly broad). Defendant adds that the key documents proving that plaintiff had engaged in false advertising "are plaintiff's own documents: its false claims in its advertising, its inadequate or nonexistent documents allegedly supporting the truth of its advertising claims, etc." *Id.* at 4.

  Looking to defendant's response to Interrogatory No. 1, the Court notes that defendant identified five sources/categories of such documents. *Id*. at 3-4. Although somewhat responsive to Interrogatory No. 1, the Court finds that since the response here was to a request for documents, the defendant should have also identified the Bates numbers/ranges for these documents so that plaintiff can readily identify which documents defendant claims are responsive to this specific request. To the extent defendant has not done so, the Court is directing counsel to do so now. **This information is to be served on plaintiff's counsel within 21 days of the entry of this Order.**

The Court also finds it necessary to point out that plaintiff's "Affirmation in Reply and Further Support" [DE 77] does nothing to assist the Court in resolving this issue. Aside from references to contact which plaintiff had with defendant in the purported attempts to "meet-and-confer," plaintiff's counsel does nothing to respond to the specific argument made by defendant as to why defendant responded in the manner it did to the document request. Likewise, instead of clarifying for the Court precisely what documents plaintiff claims it did not receive, the Affirmation instead refers the Court elsewhere, to attached correspondence between counsel, which the Court presumably is to decipher in terms of summarizing plaintiff's "reply."[2] Once again, such response requires the Court to flip-flop back and forth between documents, something Rule 37.1 was designed to avoid. Based on this continued lack of compliance with Rule 37.1, the Court has little inclination to waste its time doing what counsel should have done in the first instance.

In its original motion, plaintiff also argues that it is entitled to "information with respect to the itemized list of goods sold (by month) to delineate guns and non-guns sales as well as all statements GB knows of that allegedly are in violation of the Lanham Act" and that it has not received this information. Pl.'s Mot. at 13. In its opposition to the motion, defendant responds that "[w]hether such documents are properly called for in this Response, GunBroker produced them long ago." Def.'s Opp'n at 5. In Exhibit 2 to its opposition, defendant includes a June 25, 2010 email from defendant's David J. Myers to plaintiff's Michael J. Collesano which states as follows:

> 4. *Typically, only about 15% of GB's sales are from non-gun categories, including not just clothing, vehicles, etc. but also including gun accessories, ammo, gun parts, etc. We are willing to provide annual reports for 2006-2010 sales broken down by GB category - category, number of items sold, and gmv – so long as GA is providing the same information to us, which GA apparently has not been willing to do despite our requests. Let*

---

[2] The Affirmation in Reply states as follows:

> "6. This resulted in my immediate letter to him summarizing the demands outstanding. My motion and my letter correlate, however, Mr. Myer's opposition document does not correlate to mine as far as I can ascertain.
>
> 7. The documents demanded therein are what remains outstanding." DE 77.

The Court cannot decipher what agreement plaintiff is actually trying to make here.

*me know if we can agree to exchange this information.* Def.'s
Opp'n, Ex. 2.

The Court finds defendant's proposal to be a reasonable alternative in resolving this
dispute. The Court further finds that requiring reciprocity by the plaintiff is
appropriate since the parties are dealing with the direct claims as well as the
counterclaims which the Court holds are encompassed by the discovery requests.
**To the extent this action has not already been undertaken, the Court directs
both sides to produce the referenced reports, broken down by category,
within 21 days of the entry of this Decision and Order**.

 Subsequently, on August 6, 2010, in another email from David Myers to Michael
Collesano, defendant's counsel stated:

> 1.   *We've already stated our objections to this request in our response to
> your Second RPD # 64, and subject to those objections have already
> produced a document showing the number of items sold and the gross market
> value of those items for each year 2003 to the present. If it is feasible to do,
> I will have my client expand the disclosure to provide a breakdown of items
> sold by category.  I hope to know by Monday whether the expanded
> disclosure is feasible.*
>
> 2.   *If it is feasible to do so, I will have my client break out the non-gun-
> related advertising amounts from the total amounts already disclosed in the
> P & L document we've already produced.  However, we do not accept the
> false distinction you attested to make in your deposition questions between
> "gun" items and "non-gun" items.  By your definition, clearly gun-related
> items such as parts, accessories, ammunition, books about guns, etc. are
> "non-gun" items.  That is not a fair demarcation between gun items and
> non-gun items (such as knives, non-gun hunting equipment, tents, clothing,
> hunting land, etc.). If it is possible to prepare to sensitive information, one
> that incorporates your definition and one that incorporates the more fair
> definition, we will provide both sets of information.* Def.'s Opp'n, Ex. 2.

Since this information goes to the issue of damages (including counterclaim
damages for diversion of sales), among other things, the Court directs defendant's
counsel to confer with his client and produce the information proposed above if
defendant has not already done so. As to what constitutes "gun" items versus "non-
gun" items, that dispute is reserved for another day when the parties will be free to
argue what items fall into what categories. For now, the parties are still in the throes
of discovery, and the Court finds this information to be relevant under the broad
provisions of Rule 26 and is therefore subject to production. **The information is to
be served on plaintiff's counsel within 21 days of the entry of this Decision and
Order**.

- **Plaintiff's Document Request No. 13:** Plaintiff asked for all documents and records that defendant will rely upon to establish its claim that plaintiff violated the Federal Trade Commission Act. The Court finds that this demand essentially seeks the same information requested in Document Request No. 12, which the Court has already addressed. The only exception is the last sentence of plaintiff's argument, namely, that plaintiff is "further entitled to inquire with respect to GB's infrastructure to compare business model." The Court will not require defendants to produce anything more than what defendant has been directed to produce in response to Request No. 12 as to the bulk of this request. As to the last sentence, the Court finds that the information sought here is not proportional to the claims and defenses asserted in the case and that its relevance is marginal at best. Moreover, plaintiff does not even address why it is entitled to this information. The Court therefore declines to require its production. It appears to the Court that this information has already been inquired into at depositions which is another reason the Court deems further production unnecessary.

- **Plaintiff's Interrogatories (April 14, 2010) – Interrogatory No. 2:** In its original motion papers, plaintiff lists Interrogatory No. 2 as being in dispute. As set forth in the motion papers, Interrogatory No. 2 states as follows:

    *Identify each Independent Rating Service or Internet Rating Service that has rankings concerning or relating to Your Website; and Identify any Documents containing rankings of any kind concerning Your Website for the period 2006 to present.* Pl.'s Mot. at 15.

    In looking to the original interrogatories served by the plaintiff on April 14, 2010, *see* Pl.'s Mot., Ex. E, the Court finds defendant is correct that, in fact, this is not Interrogatory No. 2 from that batch. Rather, Interrogatory No. 2 states as follows:

    *Identify any Search Engine Optimization you or other persons perform, including without limitation, all keywords used in the process of Search Engine Optimization for Your Website. Id.*

    The Court has reviewed the entire set of Interrogatories served by the plaintiff on April 14, 2010 and is unable to find any single Interrogatory which matches the wording of Interrogatory No. 2 as it is purportedly re-stated in plaintiff's motion. Likewise, the response stated by plaintiff is not the response made by defendant to this interrogatory. Notwithstanding the fact that defendant pointed out this discrepancy in its opposition papers, plaintiff failed to address this issue at all in its Affirmation in Reply and Further Support [DE 77]. On this basis alone, the Court could readily decline to address the argument here.

    The closest interrogatory the Court could find containing at least some of the language plaintiff asserts in its motion is Interrogatory No. 5, which states:

*Identify each Independent Rating Service or Internet Rating Service*
*that has rankings concerning or relating to the parties and their respective*
*websites.* Pl.'s Mot., Ex. E.

However, in arguing that defendant's response to Interrogatory No. 2 is insufficient, plaintiff actually makes reference to defendant's response to Interrogatory No. 2 which asserts objections on the grounds that the request calls for information that consists of trade secrets and confidential business information that is neither relevant nor likely to lead to the discovery of admissible evidence. Defendant's objection goes on to state that "'Search Engine Optimization' for GBs website has no bearing on the truth or falsity of plaintiff's advertising." Plaintiff argues that such information is clearly relevant to its "case in chief and to GB's counterclaims and is therefore discoverable." Pl.'s Mot. at 15. Plaintiff adds that it is entitled to information as to "domain names, public forms, keywords, paid online advertising, website optimization, print advertising and infrastructure." *Id.* The Court finds plaintiff's position untenable as to its scope.

Defendant's counsel points out that plaintiff omitted any reference in its motion to the supplemental response defendant made some 10 hours before plaintiff filed the motion. Def.'s Opp'n at 6. According to counsel, defendant offered to generate the current keyword list anticipated for *in camera* review or review by a neutral non-party -- a proposal which plaintiff rejected. *Id.* at 7. Defendant maintains that it informed plaintiff from the beginning of the case that its keywords are trade secrets. *Id.* Defendant believes plaintiff is seeking this information to show the extent to which defendant is generating web traffic with terms that are not gun-related. *Id.* By its proposed alternative, defendant argues that plaintiff can obtain the information it seeks without direct exposure to defendant's trade secrets. Defendant also points out that since the time the original motion was filed, plaintiff has deposed defendant's principal, Steve Urvan. During that deposition, plaintiff extensively questioned Mr. Urvan about keywords. *Id.* at 7-8. Once again, the Court is compelled to point out that plaintiff has not addressed this issue at all in its Reply.

In light of the fact that the defendant is seeking relief in the form of a protective order, **the Court hereby directs that the keywords at issue be submitted to the Court for an _in camera_ review. That submission is to be made directly to Chambers by overnight mail no later than April 28, 2020**. Defendant is further directed to provide an explanation as to how and to what extent the respective terms are or are not gun-related. Defendant shall advise the Court in the *in camera* submission exactly how plaintiff "can obtain the information it seeks without direct exposure to defendant's trade secrets."

The Court presumes the parties entered into a Confidentiality Agreement for this case which should have addressed the issue of trade secrets and any other asserted confidential information. Counsel are directed to provide the Court with a copy of any such agreement by April 28, 2020.

- **Plaintiff's Interrogatory No. 3 ( April 14, 2010):** Similar confusion arises as to plaintiff's description of Interrogatory No. 3. *See* Pl.'s Mot. at 15. The actual Interrogatory No. 3 bears no resemblance to the Interrogatory stated by plaintiff. The closest content to that set forth by plaintiff appears to be Interrogatory No. 5 (and not No. 6 as suggested by the defendant). As set forth above, Interrogatory No. 5 states as follows:

  > *Identify each Independent Rating Service or Internet Rating Service that has rankings concerning or relating to the parties and their respective websites.*

  However, plaintiff's subsequent rendition of this Interrogatory in the motion to compel states as follows:

  > *Identify each Independent Rating Service or Internet Rating Service that has rankings concerning or relating to www.gunsamerica.com and Identify any documents containing rankings of any kind concerning www.gunsamerica.com for the period of 1997 to present.*

  Not only has plaintiff changed the content of the actual demand, but plaintiff has added onto what was originally requested -- an improper positioning of the motion and one for which the Court would not have required an adversary to respond if it had not already done so.

  Defendant responded that the interrogatory was unduly burdensome and calls for information that is just as accessible to plaintiff as it is to defendant. Pl.'s Mot., Ex. E. Notwithstanding the objections, defendant referred plaintiff to "GB's demand letter, its Answer and Counterclaims ¶¶ 14-16, GB's response to Interrogatory No. 1 of plaintiff's First Set of Interrogatories, and the documents produced in response to Request Nos. 7 and 14 of plaintiffs [Second] Request for Production." *Id.*

  The Court points out that the plaintiff's rendition of defendant's response to this interrogatory is completely inaccurate. Pl.'s Mot. at 16. In addition, plaintiff does not directly address whatsoever in its Reply [DE 77] any of the arguments made by defendant in its objections or in its opposition papers. Therefore, the Court declines to order defendant to do anything further here in response.

- **Plaintiff's Interrogatory No. 5 (April 14, 2010):** As identified in plaintiff's original motion, this request actually corresponds to Interrogatory No. 5 (*Identify each Independent Rating Service or Internet Rating Service that has rankings concerning or relating to the parties and their respective websites*). The substance of the interrogatory has been discussed at length previously and nothing further is required here.

- **Plaintiff's Interrogatory No. 6 (April 14, 2010):** Plaintiff requests that defendant identify "all 'Available Measurable Metrics,' methods, criteria, or measures that You used to support your claim that the www.gunsamerica.com website is not the 'largest' or 'biggest' gun buying and selling website on the Internet, and Identify all Documents containing or referring to the methods or measures so identified." Pl.'s Mot. at 17-18.

  The Court notes that defendant responded in an identical manner to the response in Interrogatory No. 3 (*i.e.*, unduly burdensome and calls for information that is just as accessible to plaintiff as it is to defendant. Pl.'s Mot., Ex. E. Notwithstanding the objections, defendant referred plaintiff to "GB's demand letter, its Answer and Counterclaims ¶¶ 14-16, GB's response to Interrogatory No. 1 of plaintiff's First Set of Interrogatories, and the documents produced in response to Request Nos. 7 and 14 of plaintiffs [Second] Request for Production." *Id*.

  In turn plaintiff's argument consists of the very same language asserted in the argument section responding to Interrogatory No. 2 ("such information is clearly relevant to plaintiff's case in chief and to GB's counterclaims and is therefore discoverable." Pl.'s Mot. at 15. Plaintiff adds that it is entitled to information as to "domain names, public forums, keywords, paid online advertising, website optimization, print advertising and infrastructure." *Id*.

  Aside from the fact that the Court finds plaintiff's position untenable as to its scope, plaintiff has not defined the phrase "Available Measurable Metrics," so the Court has little basis upon which to issue a ruling. As to this Interrogatory, then, the motion is denied.

- **Plaintiff's Interrogatory No. 10 (April 14, 2010):** Here, plaintiff requests that defendant "identify all facts and documents you intend to rely on to support the quantity of Internet traffic on the parties' respective websites." Pl.'s Mot. at 18. In its initial response, defendant repeated information found in several of its other responses, namely, that "GB has not yet determined all the facts that it intends to use at trial. However, such facts are likely to include the facts set out in GB's demand letter, its Answer and Counterclaims ¶¶ 14-16, GB's response to Interrogatory No. 1 one of plaintiff's First Set of Interrogatories, and the documents produced in response to Request Nos. 7 and 14 of plaintiff's [Second] Request for Production." *Id.*

  Significantly, plaintiff does not provide any argument to this response in his original motion papers. Defendant uses an omission as a basis for asserting that the Court should deny the motion as to this interrogatory.

  Having considered all of the papers submitted, the Court is granting this request in part and denying it in part. Defendant is directed to identify the documents (not the facts) it intends to rely on to support the quantity of Internet traffic on the parties'

respective websites. **That information is to be served on plaintiff's counsel within 21 days of the entry of this Order**.

•   **Plaintiff's Interrogatory No. 11 (April 14, 2010):**     Plaintiff requests that defendant identify "all ' available measurable metrics,' that support your claim that the www.gunsbroker.com website is 'larger' or 'bigger' than the www.gunsamerica.com website. Pl.'s Mot. at 19.   Based upon the defendant's supplementation of its response to this Interrogatory, the information obtained during depositions, and for reasons similar to those set forth by the Court in ruling on Interrogatory No. 6, the Court denies this portion of the motion to compel.

•   **Plaintiff's Interrogatory No. 12 (April 14, 2010):**     Plaintiff requests that defendant identify its "dollar volume of sales for the years 2006 through the present."   Pl.'s Mot. at 20. In opposing the motion, defendant incorporates its response to Request No. 41 of plaintiff's second request for production, "pursuant to which defendant produced a document showing the number of items sold and the gross market value of those items for each year from 2003 to the present." Def.'s Opp'n at 11. Defendant further states that it subsequently supplemented its response by producing documents with breakouts of listing and sales by category on an annual basis for 2006 to the present. The Court has reviewed the exhibits provided by defendant containing this information. The Court further notes that plaintiff does not directly address defendant's response nor provide any further basis for the Court to grant relief. Therefore, the Court will not require defendant to produce anything further in response to this Interrogatory.

•   **Plaintiff's Interrogatory No. 18 (April 14, 2010):**     This interrogatory states "Identify Your marketing and advertising budgets and expenditures for the years 2006 through the present." Pl.'s Mot. at 21.   In addition to objecting on the grounds that the interrogatory exceeded the numerical limit set forth in Rule 33, among other things, defendant stated that the request called for confidential business information and duplicated Interrogatory Nos. 12 and 13 of plaintiff's First Set of Interrogatories and Request No. 1 of plaintiff's First Request for Production of Documents. Pl.'s Mot., Ex. E.   Plaintiff requested that the Court deem withdrawn the initial interrogatories served by prior counsel and to permit an answer here. The Court reminds plaintiff's counsel that he steps into the shoes of predecessor counsel. "The conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [ ] his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" *S.E.C. v. McNulty*, 137 F. 3d 732, 739 (2d Cir. 1998) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 1390, 8 L.Ed. 2d 734 (1962); *Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) ("[A] party who voluntarily chose [an] attorney as his representative in [an] action … cannot … avoid the consequences of the acts or omissions of this freely selected agent.") (internal quotations and citations omitted); *Gomez v.  City of New York*, 805 F.3d 419, 424 (2d Cir. 2015) (same); *Van Gorden v. Sharinn & Lipshie,*

*P.C.*, 993 F. Supp. 2d 61, 263 (E.D.N.Y. 2014) (same). Consequently, the Court will not deem the original set of interrogatories withdrawn, particularly since the defendant has had to work on those demands. The Court further points out that plaintiff had the opportunity to explore this area at depositions as well.

Moreover, defendant's counsel states that he understands from the plaintiff that this interrogatory is no longer an issue. Def.'s Opp'n at 11. Plaintiff does not specifically address this Interrogatory in the Reply [DE 77] and there is no actual refutation of defense counsel's representation. To the extent that plaintiff makes a veiled reference to correspondence with defendant's counsel and to "the documents demanded therein are what remains outstanding," Reply Aff. ¶ 7, the Court once again is not going to do the work of counsel where he should have stated exactly what he claims plaintiff has received and what is still missing. The motion to compel as to Interrogatory No. 18 is therefore denied.

- **Plaintiff's Interrogatory No. 19 (April 14, 2010):** Here, plaintiff requests that defendant "[i]dentify all marketing materials and activities used by You for the years 2006 through the present." Pl.'s Mot. at 22. Defendant's counsel objected on the grounds that plaintiff exceeded the presumptive limit of interrogatories set forth in the Federal Rules. Plaintiff once again asked that the Court deem the first set of interrogatories withdrawn, which the Court declines to do. Defendant added that "GB's marketing materials have no bearing on the truth or falsity of plaintiff's advertising." Pl.'s Mot., Ex. E.

  For the reasons stated in the previous ruling, the Court denies the motion to compel as to this Interrogatory. The Court points out that even if it were to consider ordering defendant to produce a response, the interrogatory is far too broad and disproportional to the needs of the case to require production.

- **Plaintiff's Interrogatory Nos. 20 and 21 (April 14, 2010):** The first interrogatory calls for identification of the source of funding for defendant's marketing and advertising budgets and expenditures for 2006 to the present. The second interrogatory requests that defendant identify any online marketing activities or materials used by defendant for 2006 through the present. Pl.'s Mot. at 23-24. In its initial objections, defendant pointed out that the interrogatories exceed the presumptive limit under the Federal Rules, but that subject to the objections, GB's website contains certain online marketing materials of GB as it had from 2006 to the present. Pl.'s Mot., Ex. E.

  In its opposition, defendant's counsel represents that it is his understanding from the plaintiff that both of these interrogatories are no longer at issue. Plaintiff has not refuted this representation in its Reply. *See* DE 77. Based on the foregoing information, the Court denies the motion to compel as to these two interrogatories.

- **Plaintiff's Request for Production of Documents (April 14, 2010): Request No. 4:** Plaintiff seeks "[a]ll documents used by you to solicit Sellers to post ads on your Website." Pl.'s Mot. at 25. Defendant objected, stating among other reasons, that "GB's solicitation materials have absolutely no relevance to the truth or falsity of Guns America's advertising, which is the issue in this case. Moreover, GB posts solicitation materials on its website, to which plaintiff has ready access." Pl.'s Mot., Ex. F. Although plaintiff asserts that this information is "clearly relevant to the plaintiff's case in chief and to GB's counterclaims," Pl.'s Mot. at 26, plaintiff never states why the information is relevant to either pleading, which precludes the Court from making any finding in plaintiff's favor here.

  The Court declines to address the plaintiff's additional statements regarding settlement discussions as well as arguments over the use and definition of the word "largest." The former is inappropriate in the context of a motion to compel and the latter constitutes the crux of this litigation and is not something to be resolved on a discovery motion. The Court observes that any number of the other demands for production and interrogatories requested information directed to the relative size of GunsAmerica versus GunBroker particularly as to the parties' respective Internet sites and advertising.

- **Plaintiff's Request for Production of Documents (April 14, 2010): Request Nos. 5, 6:** These requests call for marketing information to buyers and sellers and advertising materials for any goods or services offered for sale through www.gunbroker.com. Aside from being overly broad and disproportional to the needs of the case, the Court points out the language of the objection submitted by plaintiff's counsel:

  > *This answer clearly avoids a response to Plaintiff's rightful inquiry as to the basic premise of GB's claims presupposes that the information is solely relevant to the false advertising allegations made against plaintiff. This information is clearly relevant to the Plaintiff's case in chief and to GB's counterclaims and is thus discoverable. Plaintiff is entitled to the information requested relevant to domain names, public forums, keywords, paid online advertising, website optimization, print advertising, and infrastructure. GB has specifically withheld information that is internal data that cannot be produced from public websites by plaintiff.*

  Pl.'s Mot. at 26. Not only is this the "objection" raised to defendant's response to Request No. 5, it is the same verbatim boilerplate objection set forth in response to Request No. 6 – and a repeat of the objection to Request No. 4. Plaintiff is required in a Rule 37.1 motion to particularize each objection to the specific request and response that was made. Here, once again, as with No. 4, plaintiff never states why the information is relevant to either pleading and the objection is not particularized

to the specific response received from defendant.  For this reason, the motion to compel as to Request Nos. 5 and 6 is denied.

- **Plaintiff's Request for Production of Documents (April 14, 2010): Request Nos. 7:**  The Court finds defendant's response, Pl.s Mot. at 28, satisfactory and will not require any further response from the defendant.

- **Plaintiff's Request for Production of Documents (April 14, 2010): Request Nos. 10, 13:**  The objections to the responses to these somewhat overlapping requests contain the almost identical language of the boilerplate objections referenced above in Request Nos. 5 and 6 and fail to particularize the objections to the specific requests.  See Pl.'s Mot. at 30, 31.  Aside from this problem, the Court finds defendant' response to these two requests satisfactory.  However, defendant's counsel is also cautioned that any documents not produced here will result in the Court precluding introduction of any such documents later in the case to support defendant's position/arguments.

- **Plaintiff's Request for Production of Documents (April 14, 2010): Request Nos. 19, 25, 26:**   Plaintiff's objection to defendant's responses to these requests contain the almost identical language of the boilerplate objections referenced above in Request Nos. 5, 6, 10 and 13 and fail to particularize the objections to the specific requests.  Aside from this problem, the Court finds defendant' response to these requests satisfactory.  The Court also points out that in its opposition, defendant states in response to Request No. 19 that it had produced additional documents as part of its supplemental responses.  *See* Exhibit 1 attached to the responses.  Def.'s Opp'n at 14, 15.  However, defendant's counsel is also cautioned that any documents not produced to plaintiff here will result in the Court precluding introduction of such documents later in the case to support defendant's position/arguments.

- **Plaintiff's Request for Production of Documents (April 14, 2010): Request No. 37:**   Plaintiff's objection to defendant's response to this request contains the identical language of the boilerplate objections referenced above.  Likewise, the Court finds that the request as stated is overly broad and not proportional to the needs of the case.  Defendant's production of the 2008 and 2009 Quantcast reports sufficiently, *see* Pl.'s Mot. at 35, responds to the request and the Court will not require defendant to produce anything further here.

- **Plaintiff's Request for Production of Documents (April 14, 2010): Request No. 40:**   Plaintiff's objection to defendant's response to this request contains the identical language of the boilerplate objections referenced above.  Likewise, the Court finds that the request as stated is overly broad and not proportional to the needs of the case.  Nor does the Court find that defendant is required to produce the information sought with regard to third-party gun dealers. Defendant is not required to provide a further response. However, one again, defendant's counsel is cautioned that any documents not produced to plaintiff here will result in the Court precluding

introduction of such documents later in the case to support defendant's position/arguments.

- **Plaintiff's Request for Production of Documents (April 14, 2010):** **Request No. 41:** Defendant previously agreed to provide certain documents as set forth in its response here. *See* Pl.'s Mot. at 37. The Court is directing defendant's counsel to do so and once again, presumes that the parties have a confidentiality agreement order in place. As directed above, counsel shall provide the Court <u>with a copy of any such agreement by April 28, 2020</u>. If no such agreement is in place, counsel shall create one that is executed by both sides and given to the Court by April 28. As to the production itself, **the documents are to be served on plaintiff's counsel within 21 days of the entry of this Order.**

- **Plaintiff's Request for Production of Documents (April 14, 2010):** **Request Nos. 42 and 43:** According to defendant's counsel, his understanding with plaintiff's counsel is that these two document requests are not longer at issue. Def.'s Opp'n at 16-17. The Court notes that plaintiff's counsel did not address these two requests in its reply. *See* Pl.'s Reply [DE 77].

Before concluding this Decision and Order, the Court points out that prior to finally turning to the actual allowable components of a Rule 37.1 motion, plaintiff's counsel made a number of statements and assertions which essentially are legal arguments going to the ultimate issue in the case. Those portions of the motion were improperly asserted as part of a motion to compel and the Court declines to address them here.

Counsel are hereby directed to engage in a good faith meet and confer to discuss what tasks remain to complete the pre-trial phase of the case. The Court is aware that depositions have taken place previously in this case. By May 15, 2020, counsel shall provide the Court with a joint letter stating specifically what discovery, if any, remains to be completed – beyond the production called for by the Decision and Order. If the parties take the position that there is additional discovery to be completed, counsel must further provide a proposed schedule for the completion of those tasks. Once the Court reviews counsels' joint submission, it will enter the

necessary deadlines for letter requests to Judge Brodie for a pre-motion conference for purposes

of moving for summary judgment.

 

 

**SO ORDERED.**

Dated: Central Islip, New York
      April 13, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge